IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05755-PAB

MARLON IVAN HERNANDEZ GARCIA,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Marlon Ivan Hernandez Garcia's pro se[1] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondent filed a response. Docket No. 7.

## I. BACKGROUND

Petitioner is a citizen of Honduras. Docket No. 1 at 5. On September 16, 2026, Immigration and Customs Enforcement ("ICE") officers stopped a vehicle in which petitioner and others were traveling to work in Colorado Springs. *Id.* Petitioner states that the officers said that they were looking for another person. *Id.* at 5, 7. According to petitioner, the officers did not show him a warrant, explain the reason for his arrest, or provide him with any detention documents. *Id.* at 2, 5, 7. Petitioner remains detained at

[1] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 1, 7. He is not subject to a final order of removal, has a scheduled immigration hearing, and has not received a bond hearing. *Id.* at 2, 5.

On October 29, 2026, petitioner filed a habeas petition. *See generally id.* Petitioner asserts two claims: (1) “Fifth Amendment due process; legal basis for civil detention” and (2) “Request for meaningful review of continued custody.” *Id.* at 5. For relief, he requests immediate release from custody if the Court determines that his detention is unlawful. *Id.* at 4, 6, 8.

On November 13, 2026, respondent filed a response. Docket No. 7. The response indicates that “Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case” and “recognizes that the Court may then decide to grant the Petition and award appropriate relief.” *Id.* at 1. Respondent further states that, “if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court’s Order, release Petitioner from detention.” *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Because ICE detained petitioner within the borders of the United States and because petitioner is not subject to a final order of removal, petitioner’s detention is governed by 8 U.S.C. § 1226. *See Santillan Quiroz*, 180 F.4th at 1237; Docket No. 1 at 5 (referencing petitioner’s scheduled immigration hearing); *see also* 8 U.S.C. § 1231 (governing detention of aliens subject to final removal orders). Section 1226(a) provides that, “*[o]n a warrant issued by the Attorney General*, an alien may be arrested

and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Petitioner states that he was not provided a warrant at his arrest, and respondent does not state otherwise. *See* Docket No. 1 at 2, 5, 7; Docket No. 7.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to 8 U.S.C. § 1357(a)(2), immigration officials have authority without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). Still, "[c]ourts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondent has not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357.[2] *See generally* Docket No. 7. Accordingly, the Court finds that respondent lacked statutory authority to arrest petitioner, and that petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondent lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that petitioner's warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest" (alteration, internal quotation marks, and citation omitted)).

Where the government failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found that the appropriate remedy is to order the noncitizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's release based on "a growing

---

[2] Petitioner acknowledges that he has pending criminal charges, but he does not describe the nature of those charges. Docket No. 1 at 5, 7. Pending criminal charges could potentially bear on whether petitioner is a "danger to the community" such that detention may be warranted. *See Uzcategui v. Brooksby*, 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (noting that "civil immigration detention . . . is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community" (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001))). But respondent does not rely on petitioner's pending charges, or on any other circumstance, to justify his detention. *See generally* Docket No. 7. Moreover, petitioner states that the ICE officers who arrested him said that they were looking for another person. Docket No. 1 at 5, 7.

body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant*, 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos*, 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge